Case No. 21-3074 United States of America v. Louis A. Wilson, also known as Spatz Appellant. Mr. Shelley for the appellant, Mr. Siebel for the appellant. Good morning. Good morning, and may it please the court. I'm Anthony Shelley. Here is the court-appointed pro bono counsel for Appellant Louis Wilson. Welcome. And I have reserved two minutes of my time for rebuttal. In his most recent briefing order, the court asked the parties to focus on first a procedural issue about exhaustion, and then a set of substantive questions regarding whether and to what extent a change in sentencing law can be considered in the context of a motion for release under Section 3582 C1A. On this procedural issue first, the court precisely asked whether the exhaustion requirement in the statute is jurisdictional. All parties agree that it is not, and unless the court wishes to hear further about that argument on the non-jurisdictional nature, I'd like to turn to the related matter raised here by the government of whether the exhaustion rule, even as a non-jurisdictional rule, is so mandatory that it forecloses the court from getting to the substantive issues the court has asked the parties to brief. The courts would be foreclosed from hearing that substantive issue only if Section 3582 C1A mandated issue exhaustion. For Wilson, plainly did file an administrative request for release with his warden. He just did not present one of the particular issues, a change in sentencing law, to the warden. As we noted in our brief, the statute says nothing about issue exhaustion, but indicates only that he make a request to the warden for release, which he did. And the text should end the matter. Congress knew how to say things with more detail because it did in other parts of the exhaustion sentence by saying the other alternative requires fully appealing through the administrative process. This one says only you need to file a request and wait 30 days. It doesn't say, for instance, that the request needs to be put in detail, the request needs to raise certain issues. It just simply says you need to file a request. And that makes sense because Congress was somewhat upset with the Bureau of Prisons in the first place for not properly administering the statute, and therefore, I think, gave prisoners a relatively easy route to present a request to the warden and then, if it was unsuccessful, wait 30 days from when the request was filed and go immediately to court. But generally, when people are filing claims, the person on the other side of the claim, whether it be complaint or a claim, has the opportunity to respond. And so what about that opportunity of kind of hiding the ball or sandbagging later on, not to suggest that that happened here, but the whole point is to put the person on notice? The government from the beginning has been responsible for investigating requests for compassionate release. When the statute was originally enacted in 1984, it had no exhaustion requirement at all. The government, on its own motion, had to investigate a prisoner and bring something to court. So all the exhaustion requirement here is doing is saying, Bureau of Prisons, warden, I'm here, and I shouldn't be here. You need to investigate this, and I need to be released early. And, in fact, the Bureau of Prisons has a full list of considerations that the agency should go through whenever it receives a request, irrespective of what's raised by the particular prisoner. And do you believe that the government waived that anyway? I do. I do believe the government waived it because the government insisted on getting to the issue in its briefing in the district court. I think it wanted the dismissal of prejudice of Mr. Wilson's claim for compassionate release. And in addition, I think they wanted the district court to rule on the weighty legal issue of whether a change in sentencing law can be considered in a compassionate release case. And so it charged on to get to those issues. But in arguing, it only raised the legal question of Mr. Wilson, whether the statute foreclosed its consideration altogether of a change in sentencing law. The government really doesn't have any answer to our arguments based on the statute or the regulations or even the Sims case or the Carr case except to say, well, the Seventh Circuit already held on this, that there is issue exhaustion in the Williams case. But indeed, several district courts have since then rejected the Seventh Circuit case. And the Seventh Circuit relied on some regulations from the PLRA context, Prison Litigation Reform Act context, that actually do say specifically you must raise all issues. But in this context, there is no requirement in the regulations or the statute that even mentions the word issue. Our belief is that Mr. Wilson needed simply to file a request on the forms provided by the BOP, which he did. And he checked the boxes on there that he was allowed to check. There was no box on there to say change in sentencing law. And the form says you can't alter it or it won't be accepted. He did all that was necessary for him to do. And the court did consider the other issues? Absolutely, it did. The court did and didn't wait any exhaustion argument against him. On the substantive question, the court asked whether a change in sentencing law can constitute an extraordinary and compelling reason for release. And the court seemingly asked this question because the government's sole argument below and here has been that as a matter of law, a district court is proclosed by the statute from considering a change in sentencing law. This court has no precedent on that topic. And so it somewhat breaks on a clean slate in a sense from this circuit's perspective. But notably, there's a deep split in the circuits on this issue elsewhere. But the most compelling case is the Chen case from the Ninth Circuit that was issued just two weeks ago and has been brought to the court's attention this week in a 28-J letter filed by the government and then a response that we filed on Tuesday afternoon. The Ninth Circuit had no precedent on this topic, reviewed what all the other circuits had on the topic, and had the benefits of the Supreme Court's conception decision. The other circuits didn't have conception. And the Ninth Circuit said, based on its re-looking, based on looking at all the other circuits and based on conception, the text controls and the text does not prohibit raising a change in sentencing law as an extraordinary and compelling reason. And that should be the end of it. Well, the question, though, counsel, isn't it? Is what does that phrase mean? And you're arguing that it means that if you're Mr. Wilson were to be sentenced today, the law would be different. But the law hasn't changed to the extent that that change has not been made retroactive. So don't you have a threshold question here as to whether he has even suggested that there is a change in sentencing that the district court has to consider? He has raised the question, Judge, Mr. Wilson, in his reply brief below at page 17, that's document 393. Yes. In his first appellate memo, the one before I became counsel at page 10, and then the government's first memo at note three filed March 3rd, all identify the change in sentencing law that that Mr. Wilson believes changes the circumstances. I understand that. What I'm asking you is what should this court hold? This court should hold that any. Any argument made by a prisoner and constitute extraordinary and compelling circumstances in the district court's discretion, discretion unless it's foreclosed by the Constitution or the statute. Sorry, I was unclear. Your client is relying on a change in sentencing. One way to read that is simply that the crimes for which he was convicted now face different mandatory minimums, or that the sentencing scope for the district court has changed. None of that is true in this case. So, as to your client, were his conviction to be reversed. His sentence would have to be based on the law, as it was at the time. He was convicted of committing the offenses. Is that not correct. I don't think it's correct. Even though the basis of the argument here is that were he commit those crimes now and be convicted. He would have a, he would be facing a different sentence, but that sentence has not been made retroactive. So on what basis, would he be able to argue to the district court that in fact, there has been a legal change in sentencing such that for the crimes of which he was convicted. He no longer can be the district court would no longer have authority to impose the sentence of the length. He currently faces the, the non retroactivity of, of say Booker and apprendee, for instance, it's not just positive and the Supreme Court indicated that in conception and dealing with another first step back of provision where it noted that, that the, that under the, under the other provisions for gaining immediate release. Mr. was not was entitled to no relief, but the court noted. Nonetheless, he could raise an argument that because of changes in the law that were non retroactive. He would be treated differently today. And that's a fairness type of consideration that the court and it's the district court and it's discretion and consider in determining early release. And here we would take that holding as the Chen court did exactly this and the circuits that go our way have done instead. Even if the sentence had no legal problems back in 1997, if those same circumstances exist today in a 2022 sentencing judge, we're looking at this. And if the prisoner would get a significantly different sentence lower district court and it's discretion can put that in the, in the basket of considerations and decide if that with all the others is sufficient to allow Mr. Wilson early release. So your argument is conception plus a split in the circuits. My argument is the text of the statute that the extraordinary and compelling reasons has no limits other than rehabilitation alone and not constitute an extraordinary and compelling reason. And that's what Chen Chen, for instance, says, and all the circuits that go our way say the only statutory limitation is that rehabilitation alone cannot allow for early release. Do you agree, do you not counsel that there is a split in the circuits on this question. Reading conception to answer the question. Yes, I well, there, I'm reading that there was a split of about five to five, at this point, with only this court, not yet taking a position on it. I guess that would make it six to five one way or the other. Question just so you're clear, is, is it an open question in this circuit, or are you arguing that conception controls. I think I think the best analysis is Chen, but also Judge Bates's, Judge Bates's analysis in a couple of decisions we cited, which is that it's an open question in this circuit. But given conception, the necessary answer from the analogous situation in conception is that anything not forbidden by the Constitution or the statute can be taken up by the district court as an as an extraordinary compelling reason. And the district court did not take this up, even though even though Mr. Wilson raised it, the district court didn't take it up because it thought it was foreclosed on the on the face of the stage because the change that he argues. Do you read that as dictum or an actual holding? Well, it's holding with respect to the First Step Act provision at issue in, in conceptio. It's not dictum at all. It's holding. The issue is because this involves a different section of the First Step Act. Does, should we just put, should we do what the Seventh Circuit did and said, well, that's a different part of the statute, so let's not consider it at all. Judge Bates said the opposite. Chen says the opposite. And actually, when you go to this court's decision in United States versus Long, the court there very recently involving this provision of the First Step Act started, said the others look very much like this part of the First Step Act. So we're going to borrow the case law from over there for this one. And that's what we would say you should do here. Concepcion does not involve this particular section of the First Step Act. But Concepcion has so much information properly stated that's helpful in our case that it really is, in my view, it's disingenuous of the other courts, for instance, the Seventh Circuit, to pretend that that case is just very narrow and limited to its facts. If I could, I know I'm well over my time, but if I could just read one part. The very first, the very first section of analysis from Concepcion says, and this is at age 2398, the Supreme Court site. From the beginning of the Republic, federal judges were entrusted with wide sentencing discretion. Federal courts historically have exercised this broad discretion to consider all relevant information at an initial sentencing hearing consistent with their responsibility to sentence the whole person before them. That discretion also carries forward to later proceedings that may modify an original sentence. Such discretion is bounded only when Congress or the Constitution expressly limits the type of information a district court may consider in modifying a sentence. Chan, Judge Bates, and the circuits that are on our side all take that, presciently, the circuits that reached it before Concepcion said exactly this as well, that the text of the statute has to foreclose consideration of changes in the law in order for it not to be considered, even if they're not retroactive. Just a couple of follow-up questions. With respect to your argument on disparity, it appears that Mr. Wilson was just discussing that there were changes in average murder sentencing nationwide. Like, he didn't appear to point to something very specific about a retroactive, not a retroactive change, but about a change in the sentencing. Correct. When he talked about disparity in his own brief, he talked about studies and statistical analyses that showed that when a judge has discretion about a sentence, that the discretion had been exercised in recent times far differently than it was in 1997, so that there are now disparities in the exercise of the discretion. And because the Section 3553A factors use the word disparity, that was his point. But his change in the law argument is different. His change in the law argument is that the district court, Judge Norma Holloway Johnson, back in 1997, considered facts that were not in front of the jury and that were not found by the jury in connection with a particular crime she was sentencing him on. And she could do that at the time, but she couldn't do that now under Apprendi and Booker. His first-degree murder charge under a federal statute would have been a second-degree sentence in his view. It's complicated, but he never got the chance to present this to the district court because she categorically held that changes in the law don't matter. Okay, and I'm trying to get to the point that, in my opinion, it would be a floodgates argument if we just talked about disparity generally, like looking at stats and sentencing commission reports and things of that nature without a specific change in the law. Perhaps, if you were to hold that changes in judicial philosophy from 2022 compared to 1997 are sufficient to allow someone out of prison, if that was the only angle the prisoner had, that wouldn't seem to be extraordinary in the sense that it could be made by many, many people. But he raises a change in sentencing law argument based on Booker and Apprendi. He raises that disparity argument, but he also raises his health, his good conduct in prison, the fact that the victim's family also doesn't disfavor his release, COVID-19, and a variety of other factors. Okay, and then to take that point further, are you agreeing that a change in the law alone is not sufficient for the change in sentencing, that it should come with other factors in consideration? I don't agree with that, but I don't think you need to reach that here because he has raised several other factors, his health, his age, his good behavior. Why don't you agree that a change in the law alone is not sufficient? Because I think that the statute doesn't say that. The statute does not say a change in the law alone may not constitute an extraordinary and compelling reason, unlike it does say rehabilitation alone cannot be an extraordinary and compelling reason. And I could foresee a case where a person in their 20s, for instance, or 30s, like Mr. Wilson, was sentenced to life in prison, which can be a 70-year sentence, potentially, as a result, a person lives to their 90s. Correct. Okay. And if the law changed so that that person might get 20 years, a 50-year difference is a very unique situation for that person. That sole factor could be extraordinary and compelling. And then where is the resentencing occurring? Are we looking to First Step Act, or are we looking to 3553A factors? So the way the case law plays out currently, the court looks to 3582C1A to determine if there's an extraordinary and compelling reason for him to be out. And he would say the constellation of factors in his favor here, including the change in law, should allow him, does get him through the threshold of extraordinary and compelling reasons. And then the courts look at the factors under 3553A to determine how much the reduction should be. He would argue they all weigh in, all the considerations sort of meld together here, and he should, having served 26, 27 years at this point, and being no risk, and being unhealthy, all the factors, even under the 3553A, move him down to release now. And is there any reason that the court, based on this record, could not make the decision if we were to rule with you that the change in the law, in consideration of some of your arguments, was sufficient? I don't think this court could make that decision because under Long and under Concepcion, it's the district court's discretion that needs to be exercised. And after development of the argument, and the argument was not developed because the district court held that as a matter of law, it couldn't be raised. So what we'd have to, I don't think on this current record that's in this appeal, this court or even the district court could just answer the question right now. Instead, the district court would have to have further proceedings in which Mr. Wilson proved his claim that among all the different factors, they weigh in favor of his release. Okay. I have one other question then. Do you concede that harmless error applies? I think harmless error applies in most, it does generally apply in appellate cases, but this isn't a harmless error. You can't even judge if it's harmless because the argument was never considered by the district court. What I'm getting at, counsel, is suppose we assume merit to your, to Mr. Wilson's argument on that point. Could not this court still conclude that any error was harmless in light of the factors the district court did identify? In other words, what I'm getting at is there's still a lot of discretion among district court judges in sentencing. And the fact that a defendant is young at the time he commits his offenses is certainly no bar, as we know from even recent sentences, to the district court exercising its discretion to impose life or near life, given the defendant's age. So here, the district court had a very different take on the factors that your client did raise, or the client whose case you're amicus. So that's what I'm trying to understand. In other words, we take the length of sentence. All right. But the district court, who's an experienced district court judge, and in the state court as well, decided the heinous nature of these offenses and the factors raised. In the district court's view, did not present the type of case for which the statute was designed, and therefore denied relief. My position is that the district court came to that conclusion without consideration of one of the factors on the merits that Mr. Wilson raises. And whether the district court, when considering the factors that she herself found were in favor of Mr. Wilson, plus this additional factor, which should be assumed, as you noted, Judge Rogers, for your question, should be assumed in his favor. Whether all those factors put outweigh the, as you put it, the heinous nature of the crime. But did the district court not say that considering what he had presented and argued, that was simply not enough in the district court's view to allow the type of narrow relief that the statute contemplated? This is not, let's empty the prisons, but rather for particular defendants, either because of health or something like that, basically out of the defendant's control, there can be relief. But that is not this case the district court found. I'm just trying to understand why this court is barred from affirming in those circumstances. Because the district court, when it considered this change in sentencing law or disparity argument, said, I will not consider a change in sentencing law, except I will, in the factors analysis, look to the length of his sentence. And if he served about 95% of the sentence, maybe that would weigh in his favor. But what I'm getting at is that a number of circuits have not read this law to bar consideration of the 553A factors at the first step. And why should we? I don't think you should. I don't think you should. I think all the considerations need to be considered by the district judge. In fact, the statute says that the 3553A factors must be considered, in addition to all the arguments raised by the applicant. And here, the district judge left one section out that Mr. Wilson raised, and we can't know the answer to how she would have reached this, what the conclusion she would have reached, if instead of the lesser number of factors and consideration, she considered whether the result would be exactly the same if she had this additional factor that she wrongly thought was off limits. Well, that's what I'm getting at. I don't see her saying that. And is your critique really that the district court never expressly said, even considering a change in law? As Mr. Wilson argues, in my view, the factors do not balance, ultimately, in his favor. But the factors need to be balanced by the district court, not, respectfully, not the Court of Appeals and Concepcion. I'm arguing in my question, what is it in the district court's opinion, specifically, that tells you that the district court never considered how a change in sentencing in the liberal way that we've been discussing it in your answer? Well, I don't know.  She said that was not persuasive, given he's been vaccinated and no one else at the facility has an infection. And he hasn't really pointed to anything else. So, Your Honor, so on page six of the district court's opinion, the lower court said the length of time served factor will be addressed in connection with consideration of the 3553A factors, as it does not in and of itself constitute an extraordinary and compelling circumstance. So, at the gate, the judge said, in reality, I can't even get to the 3553A factors unless you prove extraordinary and compelling reasons. And your argument about change in the law or the amount of time you've served would be different now. That I can't even consider as extraordinary and compelling. That's what she held on page six. Why do we read the district court's opinion in that way to assume legal error? Well, I think it's plainly clear. She thought, and this was the government's argument that she accepted, which is that a change in sentencing law, a change in sentencing law cannot be part of the extraordinary and compelling reasons consideration. Counsel, I understand you keep relying on the government. And if I were in your shoes, I would too. But this court is not bound by either counsel's view. And I'm trying to get you to look beyond at what in the district court opinion convinces you that, A, she could not, in the first step, look at the 3553A factors in deciding that even if there had been a change in sentencing. So I wouldn't disagree that if she had looked at his argument in connection with the factors or in this part of her decision in the extraordinary and compelling reasons analysis, if she had looked at his change in sentencing law argument in either place, that might suffice. But when on page six, he says, I'm not considering it here in the extraordinary and compelling reasons. And then when you get to the factors analysis, she doesn't consider it. For instance, on page 10 is where she gets to it. She doesn't consider it there either. She reads it not that a change in sentencing law can be considered. What she says is, I'll consider a length of sentencing argument if you observe the vast majority of your sentence, which is another argument, of course. But it's not the argument he made. Well, why don't we take her at her word is what I'm getting at. I wish you would, excuse me, take her for her word because I think she did. Her words in the most negative way is what I'm getting at. And she says, alone, it's not enough. So then she says, but I'm going to consider the factors. And then I'll decide. I mean, I think she was clear about the argument Mr. Wilson was making about a change in sentencing law. She wasn't even getting into this sort of technical argument that were posed by my questions earlier. Well, I just, I guess, would repeat my answer just to summarize it, which is, which is that she rejected the idea that change in sentencing law can be an extraordinary compelling reason. She did say alone. That's all I'm getting. Yeah. Alone, she says that. But, yes, alone, she says it. She does then cite a district of Kansas case, which follows the circuits that are negative altogether. But she then doesn't consider it as part of the extraordinary compelling reasons at all. So whether she thought it couldn't be alone or even in conjunction with the other considerations for extraordinary compelling is obvious, because she didn't consider it there. When she gets to the factors, she doesn't consider it there either, because the only thing she considers there, she matches how much time is served against the life sentence that he was originally given. That's not his argument on the change in law. His argument is that he wouldn't have been given a life sentence in twenty twenty two based on what happened during the trial. He would have been given twenty five years. Thank you. The questioning. Thank you. I'll still allow you to reserve two minutes in rebuttal. Thank you. OK. And just so all parties will know, Judge Silverman will not be present today, but he'll be relying on the briefs, the record and the transcript of this proceeding. Thank you, government. And please, the court is able to have the United States. Good morning, Judge Charles Rogers. Judge Rogers is absolutely right. We should take Judge Cotelli at her word. She said, you see, three ninety nine. In her motion, Nyle, the motion to reconsider that she had discussed in her earlier order, Mr. Wilson's arguments that the sentence he received would be short sentence now and how this should be considered by the court as an extraordinary and compelling circumstance. And she made it very clear in the order that her legal ruling was that a change, a non retroactive change in sentencing law could not alone constitute an extraordinary and compelling circumstance, which is the view of not only six circuits, but also the four circuits that have said it can be considered in combination. There is only one circuit, the fourth, that has said it could be considered alone. So any error, if there was error, we don't think there was, would be harmless for the additional reason that although Mr. Wilson said, yes, I have these other reasons I want you to consider, I'm hypertensive, I have early stage kidney disease. The court found they were all unsupported. So if all those decisions are unsupported, the only thing he's left with here on appeal is an unvarnished claim that I would be sentenced to a shorter sentence if I were resentenced now, which is not cognizable, even if it were. And Judge Childs, you asked this question. I think Judge Rogers, you did as well. We didn't have the PSR at the time, but his claim is, as I understand it, an apprendee. He was convicted of killing a federal witness in the first degree. He was also convicted of first degree murder while armed as a D.C. co-defense, which codifies common law. There is no apprendee problem here. There is no change in sentencing law. And the statute, not Booker, not the guidelines, the statute still says that if you were resentenced today, you would get life or death. So I think we're here. I didn't do a very good job of briefing this, but we're here for a defendant who's got no legs to stand on on his change in sentencing claim. Now, so that's why I think the claim is it would be harmless. Just touching briefly on the exhaustion of remedies before we get to the statutory threshold question. As the judge, as the court knows, when we brief a motion, we brief a claim, we brief our procedural arguments, we brief our merits arguments. We don't want the judge to come back to us and say, Mr. Sable, we don't like your merit procedural arguments. How about another brief on the merits? We do it all at once. We're not we're not waiving our procedural arguments. We do that. So we haven't waived. We asserted our exhaustion of remedies argument. It's a mandatory claims processing role. We're entitled to have a ruling on that on the issue preclusion issue. The Seventh Circuit said that there's issue preclusion and distinguish the cases that Mr. That appellant is relying on. I'm not going to say any more about that. You can read the case. The Third Circuit in an unpublished opinion has followed it. And Judge Bates has followed it here in this court. What about in Carbisol, which is Supreme Court twenty twenty one, indicating that administrative exhaustion does not require exhaustion of every issue? I'm sorry, what was that case again? Your honor? Carbisol. S.A.U.L. I haven't read that, your honor. I remember the Sims Sims case, the case that I thought was relying on and that was distinguished. I would have to get back. That may be Williams. I'm not sure. Turning to the extraordinary and compelling reasons question. When Congress created this very narrow that the presumed finality of legally imposed judgment, it imposed statutory question of extraordinary and compelling reason. It's a threshold question that calls on this court. If you address it to construe the statute. This is not a question of judicial discretion in sentencing. This is a question of what did Congress mean when it said extraordinary and compelling? What do we know about what's extraordinary? Well, first of all, we know that Supreme Court has said it's the ordinary practice when a legally imposed sentence is imposed. That it remained in effect. So a change in sentencing law is imposed ordinarily affects defendants who have not yet been sentenced is not applied sentence. We've already been sent. That's the ordinary practice. So the ordinary practice cannot be extraordinary. The plain meaning of extraordinary cannot be applied to legally imposed. And what we have here is ordinary legally imposed. That's what a number of the circuits have said. And I think the best construction of this that I've read would be the Andrews case out of the Third Circuit. Second issue is that we do have guidance from the commission. And this court has said, well, that guidance is not binding. But even the circuits that have said the guidance is not have not binding, have looked into it as a guide. Why? Because Congress doesn't legislate against it. Congress changed the law in 2018 and said this is a law that's been in place for 40 years. You, the inmate, can file a motion not just to be okay, but it didn't change the exhaustion of remedies provision. And it didn't change extraordinary and compelling reasons provision. And we know that and it didn't say anything about creating this freewheeling sentencing mechanism. We know the guidance refers to health conditions. It can refers to age, refers to risk, refers to family circumstances. It gives no indication that there would be any change in sentencing laws cognizable. Congress never said anything about this. It doesn't make sense to think that when Congress amended the law in this small way in 2018, it was creating this huge change in what the statutory remedy was and said nothing about it. That's not the way Congress works. It doesn't hide the elephant in the mouth hole. Moreover, in that very statute in 2018, Congress said, hey, those cracked sentencing guidelines, yeah, we're going to make those retroactive. But it didn't say anything about making any other sentencing changes retroactive. So it's an end run around Congressional intent. It just doesn't make sense to construe extraordinary and compelling reasons in this circumstance as anything as encompassing the sentencing changes in sentencing law, which we don't even have here. But then how do you read Concepcion? Concepcion is a case where it was undisputed that Concepcion was eligible for sentencing. And so it was a question of what is the court's broad discretion in sentencing? And so Concepcion would be applicable, as a number of courts have said, if we were at the 35. If we're in 3553A land, yes, that's what we're talking about Concepcion. The court considers the entire person, can consider everything. That's where Concepcion is pertinent. Concepcion says nothing about what the statutory term extraordinary and compelling means. The holding of Concepcion pertains to a different statutory provision. And the dicta pertains to 3553A. It has nothing to do with the threshold question of what this term means. And there just isn't any reason to go out and say, well, this term means something completely different than what has been interpreted by the agency and by the courts to me for 40 years. Is there any circumstance under which the government would accept that a change in sentencing law can be considered extraordinary and compelling? It's a difficult question to answer. Well, for example, when we, I mentioned earlier the Fair Sentencing Act. I changed the ratio from 100 to 1 to 18 to 1. Would that be considered something that, even if it were not retroactive, that a district court could consider? It's tough to say. Certainly some of those cases have emotional appeal. But my answer would be twofold, Your Honor. First of all, Congress creates these narrow exceptions, and it didn't create one for these other reasons. It created it for some, but not for others. Maybe that's unfair, but that's what Congress did. And the second thing is, if there is such a case, this isn't the case. Mr. Wilson killed a federal witness and was convicted of first-degree murder while armed. There isn't an Apprendi problem. There isn't a Booker problem. There isn't a change in sentencing law here. And I think Judge Charles, you were talking to counsel about, well, what about changes in sentencing philosophy? I don't, none of these cases, there are about 15, 16 cases in the various circuits. None of these cases say anything about changes in sentencing philosophy. They all involve changes in sentencing law that are non-retroactive, like stacked sentences is the most common one. Or the change in underlying convictions, which renders somebody not a career offender if they were resentenced. So, the ordinary, again. Court's brief indulgence. But you have a circuit split, so how do you suggest that that be handled? Right, so, six circuits have said changes in sentencing law cannot be considered at all. Two of those circuits say so in part because they believe that the policy guidance is binding. So, maybe an asterisk goes by two, but it's six. Two is an asterisk. Four say, in combo with other factors, it's okay. And one, only one, says as a freestanding basis for relief. That would be the fourth circuit, that it's okay. And that was a stacked sentence. Obviously, you've read those cases. You're going to read those cases. You're going to decide which is the most relevant cases. I think this court's well aware that for the first time in years, thankfully, the Sentencing Commission has a quorum. And if the Sentencing Commission has new guidance, then the guidance will, of course, be required because the statute does require consistency with applicable policy guidance. And so, hopefully, that will be the case. This is an issue that will not be around for a long time. But, again, we do think that that policy guidance should be a guide for this court. And there's no indication that guidance would reach out. I still don't hear in your answer which way this circuit should go. Oh, this circuit should absolutely say, I'm sorry, thank you, because my supervisor would surely kill me if I didn't answer that question. The answer is, of course, this circuit should say that changes in sentencing law are not cognizable, are not by themselves. The district court's opinion was, by itself, a change in sentencing law is not an extraordinary and compelling reason. It did not raise the question of, in combination with other factors. So, to affirm on this particular point, the court would be on the side of 10 circuits and only disagreeing with the court. That is the right view. If there are no further questions, I would ask that the judgment of the district court be affirmed. Judge Rogers, do you have anything else? Thank you, no. Thank you. Have a good day. Your Honor, I just want to make a few points. Mr. Sable indicated that none of the other factors that Mr. Wilson raised were accepted by the district court, so that he'd be standing alone on this change in sentencing law argument. That's demonstrably wrong. The district court did find he was overweight, did find that he was of advanced age where COVID could be a greater risk. It did find he had an exemplary prison record. It did find he had an exemplary work record. And so, there are factors, when added to a change in sentencing law, make this a multifaceted case as opposed to one where he's relying solely on a change in sentencing law. Mr. Sable also now gets to the merits of Booker and Apprendi, though he's never done it in any of his briefs and didn't do it below. His whole argument until now has been that extraordinary and compelling reasons cannot include a change in sentencing law, and even the factors should be looked at in a certain way that is negative here. And now he is arguing on the merits that Mr. Wilson would have no argument under Booker and Apprendi. That's a complicated issue that was never developed alone. He should be deemed to have waived. The government should be deemed to have waived it by not raising it here. And the last thing I wanted to say is to get back to Judge Rogers' question about the text of the lower court's decision, noting that she didn't consider this argument. And I turn to the bottom of page 9 where the court's – this is the sum total of what the court says about this argument. Defendant spends a significant amount of time arguing that the sentence that he received would be shorter if he was sentenced now and that this should be considered as an extraordinary and compelling circumstance. This court notes that the purpose of compassionate release is not a revisiting of a defendant's term of incarceration, although a court may look to the length of time served versus the length of time imposed. And then she cites two cases where if you basically served 95 percent of your time, maybe that would weigh in your favor under the factors. That is not a consideration at all of his change in sentencing law argument. She rejected that that could be considered in the extraordinary and compelling side and therefore only considered this different argument of did he serve almost all of his life sentence. We'll never know because we don't know how long he will live. Thank you. And we'd ask that you vacate the decision of the district court and remand it back for consideration of all the factors that he did raise, plus this raise below and he also raised this one, but also consideration of the change in sentencing argument that he has raised. And thank you, Mr. Shelley. We understand that you've been court appointed and we appreciate your service. Thank you so much.
judges: Childs, Silberman, Rogers